UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KYLE DAVID MILTON,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>TRATE, et al.,<br><br>　　　　Defendants. | 1:22-cv-01002-GSA-PC<br><br>**ORDER FOR CLERK TO RANDOMLY ASSIGN A UNITED STATES DISTRICT JUDGE TO THIS CASE**<br><br>　　**AND**<br><br>**FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT THIS CASE BE DISMISSED WITH PREJUDICE AS DUPLICATIVE OF CASE 1:22-CV-00988-EPG-PC**<br><br>**OBJECTIONS DUE WITHIN FOURTEEN DAYS** |

**I.　BACKGROUND**

　　On August 11, 2002, Kyle David Milton (prison ID #17100-085) ("Plaintiff"), a federal prisoner proceeding *pro se*, filed this civil rights action pursuant to Bivens vs. Six Unknown Agents, 403 U.S. 388 (1971).  (ECF No. 1.)

　　Previously, on August 8, 2002, the same Plaintiff, Kyle David Milton (prison ID #17100-085), filed a civil rights action pursuant to Bivens vs. Six Unknown Agents, 403 U.S. 388 (1971), case no. 1:22-cv-00988-EPG-PC; Milton v. Trate, et al. (case 22-988).

1

The Court finds that the two cases are duplicative, thus the later-filed case should be dismissed with prejudice.

## II.     DUPLICATIVE CASES

"District courts retain broad discretion to control their dockets and '[i]n the exercise of that power they may impose sanctions including, where appropriate, default or dismissal.'" Adams v. California Dept. of Health Services, 487 F.3d 684, 688 (9th Cir. 2007) (quoting Thompson v. Hous. Auth. of City of Los Angeles, 782 F.2d 829, 831 (9th Cir. 1986) (per curiam)).  "After weighing the equities of the case, the district court may exercise its discretion to dismiss a duplicative later-filed action, to stay that action pending resolution of the previously filed action, to enjoin the parties from proceeding with it, or to consolidate both actions." Adams, 497 F.3d at 688 (citing see Curtis v. Citibank, N.A., 226 F.3d 133, 138–39 (2d Cir. 2000); Walton v. Eaton Corp., 563 F.2d 66, 70–71 (3d Cir. 1977) (en banc), cited with approval in Russ v. Standard Ins. Co., 120 F.3d 988, 990 (9th Cir. 1997)).

"Plaintiffs generally have 'no right to maintain two separate actions involving the same subject matter at the same time in the same court and against the same defendant.'" Adams, 497 F.3d at 688 (quoting Walton, 563 F.2d at 70; see also Curtis, 226 F.3d at 138–39; Serlin v. Arthur Andersen & Co., 3 F.3d 221, 223–24 (7th Cir. 1993)).

"To determine whether a suit is duplicative, we borrow from the test for claim preclusion." Adams, 497 F.3d at 688.  "[T]he true test of the sufficiency of a plea of 'other suit pending' in another forum [i]s the legal efficacy of the first suit, when finally disposed of, as 'the thing adjudged,' regarding the matters at issue in the second suit." Id. (quoting The Haytian Republic, 154 U.S. 118, 124 (1894)).  "Thus, in assessing whether the second action is duplicative of the first, we examine whether the causes of action and relief sought, as well as the parties or privies to the action, are the same." Adams, 497 F.3d at 689 (citing see The Haytian Republic, 154 U.S. at 124 ("There must be the same parties, or, at least, such as represent the same interests; there must be the same rights asserted and the same relief prayed for; the relief must be founded upon the same facts, and the . . . essential basis, of the relief sought must be the same." (internal quotation marks omitted)); Curtis, 226 F.3d at 140 (holding that the trial court

did not abuse its discretion in dismissing "Curtis II claims arising out of the same events as those alleged in Curtis I," which claims "would have been heard if plaintiffs had timely raised them"); Serlin, 3 F.3d at 223 ("[A] suit is duplicative if the claims, parties, and available relief do not significantly differ between the two actions." (internal quotation marks omitted)).

### III. DISCUSSION

The court has reviewed the Complaints for this case and case no. 1:22-cv-00988-EPG-PC and finds that the parties, causes of action, and relief sought are the same in the two cases. Both Complaints arose from the same events that allegedly occurred at the Federal Correctional Institution in Sheridan, Oregon and the United States Penitentiary-Atwater in Atwater, California, while Plaintiff was incarcerated at those facilities in the custody of the Bureau of Prisons. The defendants are the same in both cases: B.M. Trate (USP-Atwater Warden), Dr. R. Paltenghi (USP-Atwater M.D.), and Dr. Grassely (F.C.I. Sheridan M.D.). In both cases, Plaintiff alleges that his rights under the First, Fourth, Fifth, Sixth, Eighth, Ninth, and Fourteenth Amendments were violated when Defendants Dr. Grassely and Dr. Paltenghi denied him life-saving medication for a severe chronic condition even though two other doctors had approved a treatment. In both cases, Plaintiff requests as relief $500,000, immediate treatment with medication Suboxone or Methadone, and staff disciplined and re-trained on treatment of inmates. Plaintiff also filed emergency motions for preliminary injunctive relief in both cases, to enforce orders for medical treatment under 18 U.S.C. §§ 4001-4004, 4042, and 4081, and requesting monetary damages, documentation of records, and compassionate release. (ECF No. 3.) (Case 22-988, ECF No. 1 at 13.)

### IV. ORDER, CONCLUSION, AND RECOMMENDATIONS

**Order**

The Clerk of Court is directed to randomly assign a United States district judge to this action.

**Conclusion and Recommendations**

Based on the foregoing facts, the Court finds that this case is duplicative of case no. 1:22-cv-00988-EPG-PC and should be dismissed with prejudice.

Accordingly, **IT IS HEREBY RECOMMENDED** that:

1. This case be dismissed, with prejudice, as duplicative of case no. 1:22-cv-00988-EPG-PC; and

2. The Clerk of Court be DIRECTED to administratively close this case.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **fourteen (14) days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **August 18, 2022**                          **/s/ Gary S. Austin**
                                                    UNITED STATES MAGISTRATE JUDGE